ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| *IN RE:* ING. ÁNGEL RODRÍGUEZ SÁNCHEZ, Recurrente. | KLAN202400077 | **APELACIÓN acogida como recurso de REVISIÓN** procedente de la Junta de Planificación del Gobierno de Puerto Rico. Querella.: 2022-SRQ-009732. Sobre: número de permiso 2019-279203-PUS-065158. Núm. de auditoría: 2022-AUD-00157. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 14 de marzo de 2024.

El Ing. Ángel Rodríguez Sánchez (ingeniero Rodríguez Sánchez o recurrente) instó este recurso de apelación[1] el 22 de enero de 2024. Nos solicita la revisión de una *Resolución* emitida y notificada el 22 de noviembre de 2023, por la Junta de Planificación de Puerto Rico (Junta de Planificación o Junta). Mediante esta, la Junta de Planificación acogió el *Informe y Recomendación del Oficial Auditor de Permisos Interino a la Junta de Planificación* y, en consecuencia, suspendió al recurrente por un término de dos (2) años de su credencial como Profesional Autorizado y le impuso una multa de veinticinco mil dólares ($25,000.00).

Evaluado el recurso y la oposición al mismo, confirmamos la determinación emitida por el foro administrativo.

---

[1] Conforme le fuera apercibido al recurrente en la *Resolución* que fue notificada el 22 de diciembre de 2023, el recurso apropiado para revisar dicha determinación administrativa es el recurso de revisión judicial. Nos remitimos, además, a lo dispuesto en la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, en su Sec. 4.2 LPRA sec. 9672. No obstante, en ánimo de agilizar los procedimientos, mantenemos la designación alfanumérica otorgada por la Secretaría de este Tribunal.

Número identificador

SEN2024_____

I

El 16 de marzo de 2022, la señora Arlene M. Figueroa Díaz, técnica de permisos de la Oficina Regional de Permisos de Salinas del Consorcio CCVS[2], solicitó a la Junta de Planificación la auditoría de un permiso de uso núm. 2019-279203-PUS-065158, objeto de controversia en la *Querella* número 2022-SRQ-008850, que se había presentado ante el Consorcio CCVS. En esencia, alegó que, el 3 de septiembre de 2019, el ingeniero Rodríguez Sánchez otorgó un permiso de uso[3] a favor del señor Miguel Flores Torres, para un lote ubicado en la comunidad Las Mareas en Salinas, con el propósito de solicitar el cambio de nombre para las utilidades del servicio de agua, el cual contenía ciertas incongruencias[4] en la evidencia documental que se había utilizado para expedir el permiso.

A la luz de ello, el 20 de abril de 2022, la Junta de Planificación le remitió al recurrente un informe intitulado *Notificación de Hallazgos Preliminares de Auditoría*[5], en el cual le concedió un término de quince (15) días para presentar los documentos o la información que aclarara o señalara alguna deficiencia respecto al informe de hallazgos. En lo pertinente, la Junta apuntó que el predio objeto del permiso estaba ubicado en una zona delimitada como *barrera costera*[6] y que estaba identificado como *Reserva Nacional de Investigaciones Estuarina de Bahía de Jobos*. En virtud de lo anterior, concluyó que el recurrente había fallado en su función como Profesional Autorizado al aprobar el permiso en una zona restringida.

---

[2] Consorcio compuesto por los municipios de Cayey, Coamo, Villalba y Salinas.

[3] *Véase*, apéndice del recurso, a las págs. 71-72.

[4] En específico, el informe de hallazgos apuntó que la prueba documental sometida reflejaba que el recurrente había utilizado como evidencia de titularidad una escritura de compraventa de participación hereditaria en común proindiviso, sin que se incluyera la autorización de todos los dueños. Además, concluyó que se había expedido el permiso sin que mediase un permiso único previo. Por lo anterior, la recomendación del informe de hallazgos era que la Junta auditara el permiso de uso núm. 2019-27903-PUS-06518.

[5] *Véase*, apéndice del recurso, a las págs. 16-24.

[6] *Íd.*, a la pág. 18. Barrera Costera o *Coastal Barrier* constituye una declaración del Gobierno Federal de no participar y desestimar el desarrollo de dichas áreas.

Respecto a los documentos contenidos en el expediente, el informe apuntó que el ingeniero Rodríguez Sánchez no había presentado el permiso único vigente, según requerido por el Reglamento Núm. 9081, también conocido como *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios* (Reglamento Núm. 9081 o Reglamento Conjunto), que se aprobó el 7 de mayo de 2019. De igual forma, indicó que el expediente no reflejaba la obtención de un permiso de construcción previo. Agregó que el recurrente había presentado como evidencia de titularidad una escritura sobre compraventa de participación hereditaria en común *proindiviso*, la cual carecía de varias páginas, por lo que presentaba dudas sobre la titularidad de los terrenos. Así pues, el informe recomendó que no se aprobara el permiso.

Oportunamente, el 27 de mayo de 2022, el ingeniero Rodríguez Sánchez presentó su *Moción fijando posición en cuanto a auditoría 2022-AUD-00157*[7]. En síntesis, argumentó que sus actuaciones no fueron mal intencionadas y que había cumplido los requisitos de la Ley Núm. 161-2009, también conocida como *Ley para la Reforma de Permisos de Puerto Rico,* según enmendada, 23 LPRA sec. 9011, *et seq.* (Ley Núm. 161-2009). Sostuvo que no se consideraron trámites previamente autorizados, los cuales no fueron cuestionados en su momento. Respecto a la escritura, planteó que la falta de partes constituía un error subsanable. Por último, expuso que estaba impedido de realizar una investigación completa dado que era la Junta quien tenía la información relacionada con las gestiones anteriores al permiso que él había autorizado.

Posteriormente, el 9 de junio de 2022, la Oficina de Auditoría de la Junta de Planificación presentó su *Informe Final de Auditoría*[8]. Dicho informe concluyó que la totalidad del predio de terreno correspondiente al permiso otorgado por el recurrente había sido declarada zona de reserva

---

[7] *Véase*, apéndice del recurso, a las págs. 24- 30.

[8] *Íd.*, a las págs. 31-38.

natural, conforme a la reglamentación federal y estatal pertinente, y se encontraba en una zona delimitada como barrera costera. Especificó que la barrera costera constituía una declaración del Gobierno Federal, cuyo fin era evitar el desarrollo de dichas áreas. Apuntó que los datos reflejaban que el predio de terreno se encontraba en un 98% en el distrito de preservación de recursos[9].

Además, el informe final concluyó que existía una falta de claridad en la titularidad del predio, toda vez que se había presentado una escritura incompleta. Asimismo, indicó que el ingeniero Rodríguez Sánchez no presentó el permiso de uso previamente aprobado. Respecto a la *Moción fijando posición en cuanto a auditoría 2022-AUD-00157*, concluyó que el recurrente no había presentado argumento o evidencia documental alguna que sustentara la legalidad del permiso, por lo que mantenía los señalamientos preliminares. A la luz de ello, concluyó que las deficiencias del permiso no eran subsanables, por lo que recomendó revocar el permiso, paralizar la obra y emitir una multa.

Luego de evaluar los hallazgos y recomendaciones de la Oficina de Auditoría, el 31 de agosto de 2022, la Junta de Planificación emitió una *Resolución*[10] en la cual acogió el *Informe Final de Auditoría*. A su vez, refirió dicho informe al Consorcio CVVS para que actuase de conformidad a la querella instada, procediera a solicitar la revocación del permiso y continuara con el trámite ordinario de la querella presentada en contra del recurrente.

Inconforme con el dictamen de la Junta de Planificación, el 11 de octubre de 2022, el recurrente presentó un recurso de revisión judicial ante este foro, al cual se le asignó el alfanumérico KLRA202200565[11]. En este,

---

[9] El Distrito de PR (preservación de recursos) comprende propiedades o partes de estas cuyo orden natural existente debe mantenerse a un máximo. En dicho Distrito no se permitirá construcción alguna, excepto las relacionadas con estudios científicos.

[10] *Véase*, apéndice del recurso, a las págs. 39-43.

[11] *Véase*, apéndice de la *Oposición a recurso de revisión*, a las págs. 1-24.

solicitó se revocase la *Resolución* del 31 de agosto de 2022. En específico, formuló los siguientes señalamientos de error:

Erró la Junta de Planificación en haber comenzado una auditoría de un permiso final y firme bajo el amparo del Artículo 9.10 de la ley 161 de 2009 sin que existieran expresamente delimitados los elementos de fraude, dolo, engaño, extorsión, soborno o la comisión de algún otro delito en el otorgamiento o denegación [*sic*] de la determinación final o del permiso, o en aquellos casos en que la estructura represente un riesgo a la salud o la seguridad, a condiciones ambientales o arqueológicas, la determinación final emitida y el permiso otorgado, como requiere el más estricto debido proceso de ley.

Erró la Junta de Planificación en comenzar un proceso de Auditoría de un permiso final y firme que no comienza con una querella al amparo del artículo 9.10 la Ley 161 de 2009, sino con la solicitud tardía de una auditoría que no se alegara nada en específico, no le fuera notificada al Profesional Autorizado y en donde no se alegaba los elementos de fraude, dolo, engaño, extorsión, soborno o la comisión de algún otro delito en el otorgamiento o denegación [*sic*] de la determinación final o del permiso, o en aquellos casos en que la estructura represente un riesgo a la salud o la seguridad, a condiciones ambientales o arqueológicas, la determinación final emitida y el permiso otorgado, como requiere el más estricto debido proceso de ley.

Erró la Junta de Planificación en no garantizar al Profesional Autorizado el más estricto Debido Proceso de Ley que exige el Artículo 9.10 de la ley 161 de 2009.

Erró la Junta de Planificación en permitir una evaluación presentada en violación a los requisitos impuestos por la Ley 161 de 2009 de un permiso final y firme.

Erró la Junta de Planificación en emitir una Resolución basada en evidencia secreta que no consta en el expediente administrativo, entiéndase la querella alegadamente presentada en el Consorcio que da origen a todo el trámite de auditoría, privando a la Recurrente de conocer la legitimación del querellante, alcance de su querella y cumplimiento procesal con la presentación de la misma; en la alternativa la Junta omite en su Resolución adjudicar hechos fundamentales procesales en su Resolución como lo es el alegado contenido de la querella.

Atendido el recurso, un panel hermano dictó *Sentencia* el 30 de noviembre de 2022. En síntesis, determinó que: (1) en el informe de auditoría final surgía evidencia suficiente para rebatir la presunción de corrección y validez del permiso; (2) la Junta podía comenzar la investigación *motu proprio*, y que el término de noventa días (90) para efectuar auditorías aplicaba, únicamente, a las auditorías aleatorias, y no a aquellas que fueran presentadas mediante querella; (3) al recurrente se le

notificó sobre los hallazgos de las presuntas faltas y se le concedió término para responder a dichos hallazgos, por lo que se le garantizó el debido proceso de ley; (4) la decisión se basó en el expediente administrativo; (5) el Consorcio CCVS[12] era quien poseía la autoridad para presentar la querella y solicitar una auditoría ante la Junta.

A la luz de ello, concluyó que la determinación de la Junta fue correcta y que esta no había actuado de manera arbitraria, ilegal, irrazonable o fuera del marco de sus poderes. Por tanto, confirmó el dictamen recurrido.

En desacuerdo con la determinación de este foro, el recurrente presentó una moción de reconsideración. No obstante, el 30 de noviembre de 2023, el referido panel emitió una *Resolución*[13] que declaró sin lugar la misma.

Aún inconforme, el ingeniero Rodríguez Sánchez presentó una *Petición de Certiorari* ante el Tribunal Supremo de Puerto Rico[14]. No obstante, el 24 de marzo de 2023, dicho foro denegó la expedición del auto.

De otra parte, luego de celebrada una vista administrativa, el 18 de octubre de 2023, el Oficial Auditor de Permisos Interino presentó su *Informe y Recomendación del Oficial Auditor de Permisos Interino a la Junta de Planificación*[15]*,* en el cual recomendó suspender al recurrente por el término de un (1) año y la imposición de una multa de $5,000.00 En lo pertinente, concluyó que el recurrente había realizado un trámite de cambio de nombre a una propiedad, sin cumplir con lo establecido en la Ley Núm. 161-2009 y el Reglamento Conjunto. En específico, determinó que el ingeniero Rodríguez Sánchez emitió dicho permiso en una propiedad que se encontraba localizada en terrenos en los que las leyes federales y

---

[12] *Véase*, apéndice de la *Oposición a recurso de revisión*, a la pág. 23. *Véase*, además, *Convenio de Transferencia de Facultades sobre la Ordenación Territorial a la Oficina de Permisos y la Oficina de Ordenación Territorial del Consorcio CCVS, integrado por los Municipios Autónomos de Cayey, Coamo, Villalba y Salinas* del 26 de diciembre de 2016.

[13] *Véase*, apéndice de la *Oposición a recurso de revisión*, a la pág. 74.

[14] *Íd.*, a la pág. 75.

[15] *Véase*, apéndice del recurso, a las págs.7-15.

estatales prohibían el desarrollo de construcción. Reiteró que el recurrente emitió el permiso sin tener el permiso único anterior, contrario a la Sección 3.7.1.5 del Reglamento Conjunto.

Por otra parte, el Oficial Auditor consignó que la Junta tenía jurisdicción para atender la controversia, toda vez que en el foro primario se ventilaba una controversia con relación a la revocación de dicho permiso. Mientras que, en el caso del título, la controversia giraba en torno a las sanciones impuestas al recurrente en su capacidad de Profesional Autorizado. Además, aclaró que la Junta de Planificación ostentaba jurisdicción para investigar y resolver querellas contra profesionales autorizados, cuando estos actuasen contrario a las facultades delegadas. Afirmó que al recurrente se le había notificado de la presentación de la querella, los hechos que configuraban las infracciones, se le había apercibido de su derecho a presentar evidencia exculpatoria y a solicitar una vista administrativa. Asimismo, aclaró que el recurrente tuvo acceso al expediente de la querella, y tuvo la oportunidad de presentar evidencia y solicitar la citación de testigos en la vista administrativa. A tales efectos, razonó que se habían satisfecho las garantías procesales que exigía el debido proceso de ley.

Inconforme, el 17 de octubre de 2023, el señor Rodríguez Sánchez presentó su *Moción solicitando desestimación o archivo de querella*[16]. En síntesis, alegó que se había instado una demanda de *injunction* ante el Tribunal de Primera Instancia, Sala Superior de Guayama, con el alfanumérico GM2023CV0072. Sostuvo que, ante la presentación de la referida causa de acción, la Junta carecía de jurisdicción, según el Art. 14.1 de la Ley Núm. 161-2009. Adujo que, tanto el informe preliminar de auditoría, como la notificación de hallazgos preliminares y el pleito ante el foro primario, trataban sobre los mismos hechos, por lo que procedía la desestimación de la querella.

---

[16] *Véase*, apéndice del recurso, a las págs. 45-47.

Luego de examinar los planteamientos de las partes, el 22 de diciembre de 2023, la Junta de Planificación emitió una *Resolución*[17], notificada el mismo día, en la cual acogió el *Informe y Recomendación del Oficial Auditor de Permisos Interino a la Junta de Planificación*, suspendió al recurrente por un término de dos (2) años y le impuso una multa de $25,000.00.

A la luz de ello, el 22 de enero de 2024, el recurrente presentó este recurso[18], en el que apuntó la comisión de los siguientes errores:

> Erró la Junta de Planificación al dictar Resolución en relación a [*sic*] una auditoría de un permiso final y firme bajo el palio del Artículo 9.10 de la Ley Núm. 161-2009 sin cumplir con los criterios para ello.
>
> Erró la Junta de Planificación al confirmar la auditoría realizada al Ingeniero Rodríguez Sánchez sin que existieran expresamente delimitados los elementos de fraude, dolo, engaño, extorsión, soborno, o la comisión de algún otro delito en el otorgamiento o denegación [*sic*] de la determinación final o del permiso, o en aquellos caso en que la estructura represente un riesgo a la salud o la seguridad, a condiciones ambientales o arqueológicas, la determinación final emitida y el permiso otorgado, como requiere el más estricto debido proceso de ley.
>
> Erró la Junta de Planificación al llevar a cabo un proceso de Auditoría de un permiso final y firme que no comienza con una querella contra el Ingeniero Ángel Rodríguez al amparo del artículo 9.10 de la Ley 161 de 2009, sino con la solicitud tardía de una auditoría que no se alegara nada en específico, ni le fuera notificada al Profesional Autorizado, aquí apelante.
>
> Erró la Junta de Planificación al basar su determinación en evidencia inadmisible y que claramente viola el derecho constitucional del apelante al Debido Proceso de Ley.

El 21 de febrero de 2024, la Junta de Planificación presentó su oposición al recurso de revisión judicial.

Examinados los escritos de las partes y la *Resolución* dictada por la apelada, resolvemos.

---

[17] *Véase*, apéndice del recurso, a las págs. 1-6.

[18] En la misma fecha, el recurrente presentó una *Moción urgente en auxilio de jurisdicción.* En síntesis, alegó que la suspensión de su credencial y la imposición de una multa violentaba su derecho a un debido proceso de ley, toda vez que se afectaron sus derechos propietarios y se violentaba su derecho constitucional a ganarse el sustento por medio del trabajo. Cónsono con lo anterior, solicitó se decretase la nulidad de la *Resolución* del 22 de diciembre de 2023; en la alternativa, que se dejara en suspenso la suspensión para fungir como profesional autorizado, hasta tanto este foro atendiera el recurso en los méritos. El 23 de enero de 2023, emitimos una *Resolución* en la cual declaramos **sin lugar** la *Moción urgente en auxilio de jurisdicción*.

II

A

Tal cual señala el Tribunal Supremo de Puerto Rico en *Municipio de San Juan v. Bosque Real, S.E.*, 158 DPR 743, 769 (2003), la doctrina de cosa juzgada, de origen romano, tenía base estatutaria en el Art. 1204 del Código Civil de Puerto Rico, 31 LPRA sec. 3343[19]. Por ello, en nuestro acervo jurídico, la presunción de cosa juzgada se rige por los postulados del Derecho Civil. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452, 464 (1996).

Así pues, conforme a la doctrina civilista, para que se active la presunción de cosa juzgada en otro juicio, "[…] es necesario que entre el caso resuelto por la sentencia y aquél en que esta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron." Añade el Tribunal Supremo:

> La doctrina está fundamentada en el interés del Estado en ponerle fin a los litigios y en proteger a los ciudadanos para que no se les someta en múltiples ocasiones a los rigores de un proceso judicial. *Pérez v. Bauzá*, 83 D.P.R. 220, 225 (1961). El efecto de la aplicación de esta doctrina es que la sentencia emitida en un pleito anterior impide que se litiguen posteriormente, entre las mismas partes y sobre las mismas causas de acción y cosas, las controversias ya litigadas y adjudicadas, y aquellas que se pudieron haber litigado. *Pagán Hernández v. U.P.R.*, 107 D.P.R. 720, 732-33 (1978); *Mercado Riera v. Mercado Riera*, 100 D.P.R. 940, 950 (1972).

*Municipio de San Juan v. Bosque Real, S.E.*, 158 DPR, a las págs. 769-770.

Basado en esos mismos propósitos, el Tribunal Supremo de Puerto Rico ha reconocido otra modalidad de la doctrina de cosa juzgada, en la que no resulta necesaria la identidad de las causas. Esta es la figura jurídica del impedimento colateral por sentencia. *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753 (1981). Ella surte efecto cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina

---

[19] El Código Civil de Puerto Rico, Ed. 1930, fue derogado efectivo el 28 de noviembre de 2020, por el Código Civil de Puerto Rico de 2020, Ley Núm. 55 de 1 de junio de 2020. Aunque la doctrina de cosa juzgada no está regulada en el Código Civil de 2020, como lo estuvo en el Código Civil de 1930, la misma se mantiene vigente conforme a la jurisprudencia. Por tanto, citamos el Código Civil de 1930, con el fin de explicar la doctrina de cosa juzgada.

mediante sentencia válida y final. Como resultado, tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas[20]. *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR, a la pág. 762. Véase, además, *Vidal v. Monagas*, 66 DPR 622 (1946).

Cual citado, el Art. 1204 del Código Civil derogado exigía la identidad entre las cosas, las causas y las personas de los litigantes. En primer lugar, cuando la doctrina de cosa juzgada alude a la identidad entre las *cosas*, se refiere al "objeto o materia sobre la cual se ejercita la acción". *Lausell Marxuach v. Díaz de Yáñez*, 103 DPR 533, 535 (1975). Es decir, el objeto de una demanda.

En cuanto a la identidad de *causa*, esta se refiere a la razón o motivo de pedir; significa el fundamento u origen de las cuestiones planteadas y resueltas. *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR, a la pág. 765. El requisito de identidad de causas se constituye cuando la nueva acción esté como embebida en la primera o fuese consecuencia inseparable de la misma. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR, a la pág. 464.

Con referencia al requisito de la identidad de las personas de los litigantes, el mismo se rige por la doctrina de la mutualidad. *Íd.*, a la pág. 465[21]. Ello implica que las partes litigantes deben haber sido las mismas en ambos pleitos, el original y el segundo, o se hallaren en una relación mutua. *Pol Sella v. Lugo Christian*, 107 DPR 540, 550 (1978).

Además, **la doctrina de cosa juzgada es extensible a los procedimientos de naturaleza administrativa**. *Mun. de San Juan v. Bosque Real*, 158 DPR, a la pág. 770. En ese ámbito, la doctrina tiene varias vertientes; a decir: (a) su aplicación dentro de la misma agencia, a

---

[20] En el caso de *A & P Gen. Contractors*, el Tribunal Supremo reconoce que la figura del impedimento colateral por sentencia o *colateral estoppel by judgment* fue adoptada del derecho anglosajón. No obstante, también concluye que dicha figura es armonizable y debe ser tratada como una modalidad de la doctrina de cosa juzgada civilista. 110 DPR, a la pág. 763. Véase, además, lo apuntado por el Tribunal Supremo en el caso de *Martínez Díaz v. E.L.A.*, 182 DPR 580, 584-589 (2011), sobre el tema de la aplicación interjurisdiccional de la doctrina de cosa juzgada *vis à vis* la aplicación de la modalidad de impedimento colateral por sentencia.

[21] *Véase*, además, *Pol Sella v. Lugo Christian*, 107 DPR 540, 550 (1978); *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR, a la pág. 762.

sus propias decisiones; (b) su aplicación interagencial; es decir, de una agencia a otra; y, (c) su aplicación entre las agencias y los tribunales. *Pagán Hernández v. U.P.R.*, 107 DPR 720, 733 (1978).

De ser aplicable, la doctrina de cosa juzgada surte en el ámbito administrativo el mismo efecto que en la esfera judicial. Esto es, que la sentencia dictada en un pleito anterior impide que se litiguen en un pleito posterior entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas, y aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción anterior. *Íd.*, a las págs. 732-733.

Ahora bien, el Tribunal Supremo se ha negado a aplicar la doctrina de cosa juzgada de forma automática o de manera rígida. A modo ilustrativo, ha declinado aplicarla para evitar una injusticia o cuando se plantean consideraciones de interés público, aun cuando concurran los requisitos antes discutidos[22]. No obstante, ello no implica que las excepciones a su aplicación se van a aplicar liberalmente; por el contrario, las excepciones a la aplicación de la doctrina de cosa juzgada no se favorecen, pues se puede afectar la finalidad de las controversias adjudicadas y, por ende, el buen funcionamiento del sistema judicial. *P. R. Wire Products v. C. Crespo & Assoc.*, 175 DPR 139, 152 (2008), que cita a *Parrilla v. Rodríguez*, 163 DPR 263, 271 (2004).

B

Es norma reiterada que las decisiones de los organismos administrativos merecen la mayor deferencia judicial, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *Super Asphalt v. AFI y otro*, 206 DPR 803, 919 (2021). Además, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la agencia. *González Segarra et al. v. CFSE*, 188 DPR 252, 276

---

[22] Inclusive, el Tribunal Supremo ha caracterizado ese *interés público*, como "intereses públicos mayores", que así lo ameriten. *S.L.G. Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133, 154 (2011); *Méndez v. Fundación*, 165 DPR 253, 268 (2005).

(2013). Debido a que toda sentencia o determinación administrativa está protegida por una presunción de corrección y validez, la parte que acude a este Tribunal de Apelaciones tiene el deber de colocar a este foro en posición de conceder el remedio solicitado. *Morán v. Martí,* 165 DPR 356, 366 (2005).

A su vez, el estándar de revisión judicial en materia de decisiones administrativas se circunscribe a determinar: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hechos de la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo; y, (3) si las conclusiones de derecho fueron correctas. *Asoc. FCIAS. v. Caribe Specialty II*, 179 DPR 923, 940 (2010).

Así pues, las determinaciones de hechos de organismos y agencias "tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas". *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006). Por ello, la revisión judicial ha de limitarse a determinar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

Cónsono a lo anterior, con el propósito de "convencer al tribunal de que la evidencia en la cual se fundamentó la agencia para formular una determinación de hecho no es sustancial, la parte afectada debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración". *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 131 (1998).

No obstante, las conclusiones de derecho de las agencias administrativas serán revisables en toda su extensión. *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1003 (2011); *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR, a la pág. 941. Sin embargo, esto no significa

que los tribunales podemos descartar libremente las conclusiones e interpretaciones de la agencia. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

En fin, como ha consignado el Tribunal Supremo, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. *Super Asphalt v. AFI y otro*, 206 DPR, a la pág. 819, que cita a *Torres Rivera v. Policía de Puerto Rico*, 196 DPR 606, 628 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

III

Según expuesto, el recurrente arguye que la Junta de Planificación erró al emitir una *Resolución* en la cual acogió el *Informe y Recomendación del Oficial Auditor de Permisos Interino a la Junta de Planificación* y, en consecuencia, suspenderlo por un término de dos (2) años e imponerle una multa de $25,000.00.

Por su parte, la Junta de Planificación plantea que este foro validó el proceso de auditoría mediante la *Sentencia* que se emitió el 30 de noviembre de 2022, en el caso *Ing. Ángel Rodríguez Sánchez v. Junta de Planificación*, alfanumérico KLRA202200565. Además, argumentó que el recurrente acudió al Tribunal Supremo mediante un recurso de *certiorari*, con el alfanumérico CC-2023-0126, el cual también fue denegado. Por lo anterior, adujo que la corrección del proceso de auditoría es la ley del caso.

Conforme al derecho antes expuesto, la doctrina de cosa juzgada surte en el ámbito administrativo el mismo efecto que en la esfera judicial. Es decir, la sentencia dictada en un pleito anterior impide que se litiguen en un pleito posterior entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas, y aquellas que

pudieron haber sido litigadas y adjudicadas con propiedad en la acción anterior[23].

Surge del expediente ante nuestra consideración que los errores planteados por el ingeniero Rodríguez Sánchez estuvieron ante la consideración de este foro apelativo mediante el recurso de revisión judicial KLRA202200565. En este, un panel hermano concluyó que la determinación de la Junta había sido correcta. A su vez, el panel hermano enfatizó que el recurrente no había presentado evidencia suficiente para derrotar la presunción de corrección de la determinación del foro administrativo. Por último, concluyó que la Junta no había actuado de manera arbitraria, ilegal, irrazonable o fuera del marco de los poderes que se le delegaron. A la luz de ello, confirmó la determinación de la Junta.

Por tanto, colegimos que el recurso de *Apelación* que presentó el ingeniero Rodríguez Sánchez, acogido como recurso de revisión judicial, constituye cosa juzgada. Nótese que el recurso ante nos plantea los mismos señalamientos de error que el recurrente presentase en el KLRA202200565, los cuales fueron atendidos y adjudicados. Es decir, en el caso resuelto por *Sentencia* el 30 de noviembre de 2022, *Ing. Ángel Rodríguez Sánchez v. Junta de Planificación*, y el caso del título, concurren la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.

Así pues, concluimos que la *Sentencia* dictada en el caso KLRA202200565, impide que se litiguen en el pleito ante nos y entre las mismas partes, los asuntos ya adjudicados, los cuales advinieron finales y firmes. A la luz de ello, procede que apliquemos la doctrina de cosa juzgada. De igual forma, determinamos que no existen circunstancias extraordinarias que nos permitan intervenir en el caso y, por excepción, no aplicar la doctrina de cosa juzgada.

Por otra parte, cabe precisar que este Tribunal no puede sustituir el juicio o el criterio de la Junta de Planificación por el suyo, a menos que el

---

[23] *Pagán Hernández v. U.P.R.*, 107 DPR, a las págs. 732-733.

ente administrativo haya actuado de manera arbitraria, ilegal, irrazonable o fuera del marco de los poderes que se le delegaron. Por ello, al momento de ejercer nuestra función revisora, el criterio rector será la razonabilidad de la determinación de dicha agencia.

De igual forma, las determinaciones de hechos de los organismos y las agencias administrativas tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas.

En el presente caso, surge de la *Resolución* que emitió la Junta el 22 de diciembre de 2023, que al recurrente se le impuso dos años de suspensión y una multa de $25,000.00. No obstante, no surge del expediente ante nos que el ingeniero Rodríguez Sánchez incluyese algún señalamiento de error respecto a la suspensión o la multa que le impuso la Junta de Planificación. Es decir, el recurrente no ha puesto a este Tribunal en posición de resolver contrario a la determinación de la Junta. El recurrente tenía el deber de colocar a este Tribunal en posición de evaluar dicha determinación, pero no lo hizo.

De hecho, en la vista celebrada el 17 de octubre de 2023, el recurrente optó por no presentar prueba alguna. En su lugar, decidió plantear asuntos que ya habían sido atendidos previamente por este foro intermedio. Así pues, la Junta tomó en consideración los documentos que obraban en el expediente del caso, incluido el informe final de auditoría – que ya había sido validado por un panel hermano – y concluyó que, en efecto, el ingeniero Rodríguez Sánchez había otorgado un permiso de uso en contravención a la ley y al reglamento.

Así pues, basados en la deferencia y razonabilidad que merecen las determinaciones administrativas, y ante la falta de evidencia que pruebe lo contrario, nos abstenemos de intervenir en la determinación de la Junta de Planificación, respecto a las sanciones impuestas al recurrente.

IV

Por los fundamentos anteriormente expuestos, **confirmamos** la *Resolución* emitida y notificada el 22 de diciembre de 2023, por la Junta de Planificación.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones